UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEX SANTIAGO CASIANO,

        Plaintiff,

v.                                              Case No:   6:19-cv-1301-Orl-EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER

Plaintiff, Alex Santiago Casiano, brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g), 423, and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI") under the Act. (Doc. 1.) Upon review of the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, the Court affirms the Commissioner's final decision in this case, pursuant to sentence four of 42 U.S.C. § 405(g).

I.      BACKGROUND

Plaintiff filed for DIBs and SSI on August 10, 2015. (Tr. 73, 84, 225–234.) He alleged an onset of disability on January 31, 2009, due to major depression, poor memory, social phobia, PTSD, dyslexia, ataxia syndrome, and minimal brain dysfunction. (Tr. 73, 84.) His application

was denied initially on October 27, 2015, and upon reconsideration on February 5, 2016. (Tr. 122–127, 132–141.)

Plaintiff attended a hearing before an ALJ on June 7, 2018. (Tr. 33–51.) In a decision dated July 26, 2018, the ALJ found Plaintiff not disabled, as defined under the Act. (Tr. 7–27.) Plaintiff appealed this decision to the Appeals Council, and on May 28, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1–6.) Plaintiff timely filed this action for judicial review of the Commissioner's decision on July 16, 2019. (Doc. 1.) Plaintiff has exhausted the available administrative remedies, and the case is properly before this Court.

## II.     THE ALJ'S DECISION

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 404.1520(a)(4) and § 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–1240 (11th Cir. 2004). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Id.* at 1241 n.10.

Here, the ALJ performed the sequential analysis through step five. (Tr. 7–27.) Prior to reaching step one, the ALJ found that Plaintiff last met the insured status requirements of the Act through December 31, 2010. (Tr. 13.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 31, 2009, the date of alleged disability onset. (*Id.*) At step two, the ALJ determined that Plaintiff had the following severe impairments: disorders of the

back/degenerative disc disease, anxiety, and affective mood disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: The individual can lift and/or carry (including pulling) up to 50 pounds occasionally, and 25 pounds frequently; and can stand, sit and walk (with normal breaks) up to 6 hours each in an 8-hour workday. The individual can perform postural activities on an occasional basis. The individual has no manipulative, visual, communicative or environmental limitations. The individual is able to understand, learn and retain simple work instructions. The individual can sustain concentration and persistence for extended periods of 2-hour segments within the previously described restrictions. The individual can interact socially on an occasional basis. The individual can adapt to changes in a routine work setting.

(Tr. 16.)

At step four, the ALJ concluded that Plaintiff was not capable of performing his past relevant work as a general duty nurse and vocational training instructor, based on the Vocational Expert's testimony. (Tr. 20–21.) At step five, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as an industrial sweeper/cleaner, laboratory equipment cleaner, and day worker. (Tr. 21–22.) As such, the ALJ found that Plaintiff was not under a disability at any time from January 31, 2009, through the date of the decision. (Tr. 22.)

### III. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### IV. DISCUSSION

Plaintiff raises a single challenge to the ALJ's decision: Plaintiff asserts that the ALJ's opinion was not supported by substantial evidence because he failed to consider the February 10, 2012 opinion of his treating mental health physician, Dr. Fabio Lugo. (Tr. 408.) This opinion was not translated from Spanish to English for record purposes, and the ALJ did not assign it weight in his written decision. (Doc. 23 at 13–14.) Plaintiff asserts that the hearing office's failure to translate this opinion to English, and the ALJ's subsequent failure to examine and weigh it,

mandates a remand.

The Commissioner responds with several arguments. First, he argues that Plaintiff has waived the right to challenge the hearing office's failure to have the opinion translated, because Plaintiff did not raise it at the administrative level. (*Id.* at 15–16.) Next, the Commissioner argues that Plaintiff has failed to show remand is required, as directed by the Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-2-5-76(A), because the HALLEX does not carry the force of law. (Doc. 23 at 15–16.) Finally, the Commissioner asserts that Plaintiff has failed to show that the ALJ's failure to consider the opinion prejudiced Plaintiff because the opinion was rendered outside the applicable timeframe and the ALJ was not *required* to consider it. (*Id.* at 17–19.)

The ALJ has a fundamental duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam). In determining whether a case should be remanded for lack of development of the record, the Court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* at 1423 (internal quotation marks omitted). Here, it does not appear that the ALJ had a duty to translate Dr. Lugo's February 10, 2012 medical opinion because it did not fall within the relevant time period for either Plaintiff's DIBs or SSI claim.

Plaintiff concurrently applied for both DIBs and SSI on August 10, 2015. (Tr. 73, 84, 225–234.) As to Plaintiff's DIBs claim, the relevant period for establishing disability was between the alleged onset date, January 31, 2009, and his last insured date, December 31, 2010. (Tr. 13, 84.) *See* 42 U.S.C. § 423(c). To be eligible for DIBs benefits, the claimant must be under a disability during the insured period. *Id.*; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("For DIB claims, a claimant is eligible for benefits where []he demonstrates disability on or before the last date for which []he [was] insured.") As to his SSI claim, Plaintiff would not be eligible for benefits,

if found disabled, until the month he applied, August 2015. (Tr. 225–234; 7–27); *see* 20 C.F.R. § 416.335; *Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 878, 879 (11th Cir. 2015) ("For SSI claims, a claimant becomes eligible [for benefits] in the first month where []he is both disabled and has an SSI application on file.")

Here, Dr. Lugo rendered his opinion on February 10, 2012—after the relevant DIBs timeframe (by more than one year) and before the relevant SSI timeframe (by more than three years). Generally, whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). A treating doctor's opinion is generally entitled to substantial weight, and an ALJ must articulate good cause for discounting a treating doctor's opinion. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Here, neither side disputes that the ALJ failed to consider Dr. Lugo's February 10, 2012 opinion or assign it weight.[1]

However, as to the DIBs claim, the ALJ did not forgo his duty to develop a full and fair record by failing to discuss this particular opinion or assign it weight, because it came after the relevant timeframe by over one year. *See McLain v. Comm'r, Soc. Sec. Admin*., 676 F. App'x 935, 939–940 (11th Cir. 2017) (per curiam) (unpublished) (finding harmless error where ALJ failed to discuss with particularity some of the plaintiff's medical records, where, in one instance, the

---

[1] The undersigned notes that the ALJ did recognize that Plaintiff received psychiatric treatment with Dr. Lugo for eighteen years, who prescribed Plaintiff a variety of medication. (Tr. 19.)

opinion was rendered almost two years after the plaintiff stopped meeting the insurance requirements); *cf. Gordon v. Soc. Sec. Admin., Comm'r*, 625 F. App'x 512, 514 (11th Cir. 2015) (per curiam) (unpublished) ("Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue.") (citing *Wilson v. Apfel*, 179 F.3d 1276, 1278–79 (11th Cir. 1999)). Moreover, Plaintiff has failed to demonstrate that the record contains any evidentiary gaps that resulted in unfairness or prejudice to Plaintiff due to the failure to translate Dr. Lugo's February 10, 2012 medical opinion and consider it. (Doc. 23 at 12–14.)

Similarly, as to the SSI claim, the ALJ was not required to consider Dr. Lugo's opinion given the date it was rendered. Specifically, Plaintiff does not explain how a February 2012 opinion (regardless of its substance) bears on whether Plaintiff was disabled during the relevant timeframe, which did not begin until over three years later, in August 2015. *See Ellison v. Barnhart*, 355 F. 3d 1272, 1276 (11th Cir. 2003) (noting that the ALJ was only required to develop the claimant's complete medical history for the twelve months preceding the month in which the application was filed); *Veguilla v. Comm'r of Soc. Sec.*, 6:18-cv-361-Orl-40DCI, 2018 WL 6592533, at *4, n.8 (M.D. Fla. Nov. 29, 2018), *report and recommendation adopted*, 2018 WL 6589836 (M.D. Fla. Dec. 13, 2018) (finding the ALJ had no duty to translate records which pre-dated plaintiff's disability onset by more than ten years). Rather, the ALJ's decision recognizes that Plaintiff received mental health treatment from Dr. Lugo for over eighteen years and addresses a number of medical opinions from the relevant SSI timeframe. (Tr. 18–20.) Therefore, the Court finds that Plaintiff has not demonstrated that the ALJ's failure to address Dr. Lugo's February 10, 2012 opinion resulted in unfairness or clear prejudice to Plaintiff.

V.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**; and

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record